UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**KATHY PLACIDO,**

    *Plaintiff,*

  **v.**

**MGM GRAND DETROIT, LLC,**
a Foreign Limited Liability Company,

    *Defendant.*

_____/

CASE NO.

**JURY DEMAND**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KATHY PLACIDO, brings this Complaint for damages and demand for jury trial against Defendant, MGM GRAND DETROIT, LLC ("MGM"), and states as follows:

### PARTIES

1. Plaintiff is a resident of the State of Michigan and resides in Macomb County, Michigan.

2. Defendant conducts continuous and systematic business in Wayne County, Michigan.

3. The events described in this lawsuit primarily occurred in Wayne County, Michigan.

4. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Family Medical Leave Act, as amended ("FMLA"), 29 U.S.C. § 2601, *et seq.*, and Michigan's Persons with Disability Civil Rights Act ("PDCRA"), MCL § 37.1101 *et seq.*

5. Defendant meets all of the requirements for employer status under the ADA, the FMLA, and the PDCRA.

6. Defendant has a workforce that includes more than 500 employees.

## JURISDICTION

7. The jurisdiction of this court is invoked pursuant to Title I of the ADA, 42 U.S.C. § 12101 *et seq.* and the FMLA, 29 U.S.C. § 2601, *et seq.*

8. As such, the Court has original jurisdiction over this complaint pursuant to 28 U.S.C. §§ 1331 and 1337.

9. The Court has supplemental jurisdiction over Plaintiff's PDCRA claim, MCL § 37.1101 *et seq.*, because this claim is so related to Plaintiff's ADA and FMLA claims that they form part of the same case or controversy.

10. This Court has jurisdiction to grant injunctive relief and declaratory relief, as well as damages is invoked pursuant to the statutes cited above as well as *Ex Parte Young*, 209 U.S. 123 (1908) pursuant to Plaintiff's request for prospective injunctive relief.

## VENUE

11. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims occurred within the Southern Division of the Eastern District of Michigan.

12. Defendant conducts substantial and not isolated business within the Southern Division of the Eastern District of Michigan.

13. Defendant has agents and employees in the Southern Division of the Eastern District of Michigan.

14. Defendant has a business located in the Southern Division of the Eastern District of Michigan.

## CONDITIONS PRECEDENT

15. Plaintiff has exhausted his administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission on October 2, 2019.

16. On January 28, 2020, the EEOC issued Plaintiff a Dismissal and Notice of Right to Sue against Defendant with regard to this matter. A copy of this Right to Sue letter is attached as **Exhibit A**.

17. Plaintiff files this action within the applicable period of limitations.

18. All conditions precedent to this action have been satisfied and/or waived.

## STATEMENT OF FACTS

19. In August 2005, Plaintiff began working as a dealer for MGM.

20. At all times material hereto, Plaintiff was an individual with a disability within the meaning of the ADA and the PDCRA.

21. Specifically, Plaintiff suffers from Hypothyroidism.

22. Hypothyroidism is a disability as defined by the ADA as amended, and the PDCRA.

23. At all material times, Plaintiff was a qualified individual with a disability within the meaning of the ADA and the PDCRA because Plaintiff had a disability and/or was perceived by Defendant as having a disability that substantially limited her ability to perform one or more major life activities.

24. Specifically, this disability substantially limits Plaintiff ability to perform manual tasks, talking, communicating, working, and negatively affecting the functioning of her endocrine system, amongst other things.

25. Plaintiff made this disability known to Defendant.

26. In 2011, Plaintiff first applied for and received FMLA leave related to Hypothyroidism.

27. On January 19, 2019, Plaintiff began FMLA leave for thyroid surgery.

28. A pit boss warned Plaintiff that MGM would look for a reason to get rid of her when she returned from leave.

29. On March 25, 2019, Plaintiff returned to work as a three-card poker dealer.

30. Due to her thyroid surgery, she had difficulty speaking, breathing, and swallowing.

31. Additionally, her new thyroid medication caused her to have extremely dry hands.

32. On May 19, 2019, Plaintiff was terminated for allegedly marking cards.

33. MGM accused Plaintiff of marking cards by making indentations with her nails.

34. However, Plaintiff did not intentionally mark indentations on the cards or intentionally mark the cards in any other way.

35. In any event, marking cards does not confer any advantage to a player, the house, or a dealer in three-card poker.

36. The Michigan Unemployment Insurance Agency found no evidence of wrongdoing and allowed Plaintiff to collect unemployment benefits.

## COUNT I - DISCRIMINATION IN VIOLATION OF THE ADA

37. Plaintiff realleges and reincorporates paragraphs 1-36 as if fully set forth herein.

38. Plaintiff is an individual with a disability under the ADA, 42 U.S.C. § 12101 *et seq.*

39. At all relevant times, Plaintiff was qualified for the positions she held with Defendant.

40. At all relevant times, Plaintiff could perform the essential functions for the positions she held with Defendant, either with or without a reasonable accommodation.

41. During the time Plaintiff was employed by Defendant, Plaintiff was subjected to disparate treatment and discrimination on the basis of her disability and/or perceived disability, as set forth herein.

42. Defendant violated the ADA by, *inter alia*, the following acts:

   a. Discharging Plaintiff because of her disability and/or perceived disability;

   b. Denying employment opportunities to Plaintiff because of her disability and/or perceived disability; and/or

   c. Subjecting Plaintiff to disparate treatment on the basis of her disability and/or perceived disability.

43. Defendant's discriminatory actions were willful, deliberate, and intentional.

44. The injuries to Plaintiff that arose as a consequence of Defendant's conduct were foreseeable and intentionally caused by Defendant.

45. As a direct and proximate result of the Defendant's violation of the ADA, Plaintiff suffered economic damages including but not limited to, loss of wages, loss of benefits, back pay, front pay, and other expenses.

46. As a direct and proximate result of Defendant's violation of ADA, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

47. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

48. The conduct of Defendant was so willful and wanton, and performed with malice or reckless indifference to the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter them, and others, from such conduct in the future.

49. Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to the ADA.

50. Plaintiff, having been discriminated against by Defendant, has suffered irreparable harm for which there is no plain, adequate or complete remedy at law.

### COUNT II - DISCRIMINATION IN <u>VIOLATION OF THE PDCRA</u>

51. Plaintiff realleges and reincorporates paragraphs 1-36 as if fully set forth herein.

52. Plaintiff is an individual with a disability under the PDCRA.

53. At all relevant times, Plaintiff was qualified for the positions she held with Defendant.

54. At all relevant times, Plaintiff could perform the essential functions for the positions she held with Defendant, either with or without a reasonable accommodation.

55. During the time Plaintiff was employed by Defendant, Plaintiff was subjected to disparate treatment and discrimination on the basis of her disability and/or perceived disability, as set forth herein.

56. Defendant violated the PDCRA by, inter alia, the following acts:

    a. Discharging Plaintiff because of her disability and/or perceived disability;

    b. Denying employment opportunities to Plaintiff because of her disability and/or perceived disability; and/or

8

    c.    Subjecting Plaintiff to disparate treatment on the basis of her disability and/or perceived disability.

57. Defendant's discriminatory actions were willful, deliberate, and intentional.

58. The injuries to Plaintiff that arose as a consequence of Defendant's conduct were foreseeable and intentionally caused by Defendant.

59. As a direct and proximate result of the Defendant's violation of the PDCRA, Plaintiff suffered economic damages including but not limited to, loss of wages, loss of benefits, back pay, front pay, and other expenses.

60. As a direct and proximate result of Defendant's violation of PDCRA, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

61. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

62. Plaintiff, having been discriminated against by Defendant, has suffered irreparable harm for which there is no plain, adequate or complete remedy at law.

## COUNT III
### RETALIATION IN VIOLATION OF THE ADA

63. Plaintiff realleges and adopts all pertinent parts of paragraphs 1-36 as if set forth herein.

64. Plaintiff engaged in a protected activity when she requested a reasonable accommodation for her disability.

65. Specifically, Plaintiff requested leave to accommodate her disability.

66. Beginning shortly after Plaintiff's initial request for a reasonable accommodation for her disabilities, and continuing until her termination, Defendant took adverse employment actions against Plaintiff, including but not limited to:

    a. Denial of work opportunities;

    b. Denial of benefits and advantageous terms and conditions of employment; and

    c. Termination of her employment.

67. Defendant took these retaliatory actions because of Plaintiff's request for a reasonable accommodation for her disability.

68. Defendant's retaliatory actions were willful, deliberate, and intentional.

69. The injuries to Plaintiff that arose as a consequence of Defendant's conduct were foreseeable and intentionally caused by Defendant.

70. This retaliation would not have occurred but for Plaintiff engaging in protected activity under the ADA.

71. As a direct and proximate result of the Defendant's violation of the ADA, Plaintiff suffered economic damages including but not limited to, loss of wages, loss of benefits, back pay, front pay, and other expenses.

72. As a direct and proximate result of Defendant's violation of ADA, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

73. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

74. The conduct of Defendant was so willful and wanton, and performed with malice or reckless indifference to the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter them, and others, from such conduct in the future.

75. Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to the ADA.

76. Plaintiff, having been retaliated against by Defendant, has suffered irreparable harm for which there is no plain, adequate or complete remedy at law.

## COUNT VI
## RETALIATION IN VIOLATION OF THE PDCRA

77. Plaintiff realleges and adopts all pertinent parts of paragraphs 1-36 as if set forth herein.

78. Plaintiff engaged in a protected activity when she requested a reasonable accommodation for her disabilities.

79. Specifically, Plaintiff requested leave to accommodate her disability.

80. Beginning shortly after Plaintiff's initial request for a reasonable accommodation for her disabilities, and continuing until her termination, Defendant took adverse employment actions against Plaintiff, including but not limited to:

    a. Denial of work opportunities;

    b. Denial of benefits and advantageous terms and conditions of employment; and

    c. Termination of her employment.

81. Defendant took these retaliatory actions because of Plaintiff's request for a reasonable accommodation for his disabilities.

82. Defendant's retaliatory actions were willful, deliberate, and intentional.

83. The injuries to Plaintiff that arose as a consequence of Defendant's conduct were foreseeable and intentionally caused by Defendant.

84. This retaliation would not have occurred but for Plaintiff engaging in protected activity under the PDCRA.

85. As a direct and proximate result of the Defendant's violation of the PDCRA, Plaintiff suffered economic damages including but not limited to, loss of wages, loss of benefits, back pay, front pay, and other expenses.

86. As a direct and proximate result of Defendant's violation of PDCRA, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

87. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

88. Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to the PDCRA.

89. Plaintiff, having been retaliated against by Defendant, has suffered irreparable harm for which there is no plain, adequate or complete remedy at law.

## COUNT V
## RETALIATION UNDER THE FMLA

90. Plaintiff re-alleges and adopts the allegations of paragraphs 1-36.

91. When Plaintiff requested FMLA leave in January 2019, she had worked more than 1,250 hours for Defendant during the preceding 12 month period.

92. When Plaintiff requested FMLA leave in January 2019, she had worked more than 1,250 hours for her employer during the preceding 12 month period.

93. When Plaintiff requested FMLA leave in January 2019, she had worked for her employer for more than 12 months.

94. When Plaintiff requested FMLA leave in January 2019, she worked at a location where her employer had at least 50 employees within 75 miles.

95. When Plaintiff requested FMLA leave in January 2019, her employer had more than 50 employees in the 20 or more workweeks in the current or preceding calendar year, including a joint employer or successor in interest to the covered employer.

96. When Plaintiff requested FMLA leave in January 2019, she was entitled to 12 weeks of job protected leave for her own serious health condition.

97. When Plaintiff requested FMLA leave in January 2019, she requested FMLA leave for surgery for a serious health condition which would have made Plaintiff unable to perform the essential functions of her job.

98. Plaintiff met all requirements to be entitled to take FMLA leave.

99. Defendant retaliated against Plaintiff by terminating her employment because she exercised her FMLA rights, and for expressing her intent to continue to exercising her FMLA rights in the future.

100. As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered economic damages including but not limited to, compensatory and actual damages including loss of wages, loss benefits, back pay, front pay, and other expenses.

101. The actions of Defendant as alleged above were intentionally and purposefully.

102. The conduct of Defendants was so willful and wanton, and performed with malice or reckless indifference to the statutory rights of Plaintiff, as to entitle her to an award of liquidated damages against Defendants, to deter them, and others, from such conduct in the future.

103. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for damages in an amount to be determined at trial, together with interest, cost of suit, attorneys' fees, and all such other relief as the court deems just and proper which include:

a. Declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in violation of the ADA, the PDCRA and the FMLA;

b. Award Plaintiff all lost wages, past and future, and other monetary damages to which she is entitled to including interest the ADA, the PDCRA and the FMLA;

c. Award Plaintiff compensatory damages under the ADA and the PDCRA;

d. Award Plaintiff punitive damages under the ADA;

e. Award Plaintiff exemplary damages under the PDCRA;

f. Award Plaintiff liquidated damaged under the FMLA;

g. Award Plaintiff reasonable attorney's fees, costs, and interest;

h. Award Plaintiff equitable relief including, but not limited to: an injunction directing Defendant to cease their discriminatory conduct and practices; full reinstatement to her employment and position with Defendant; and

i. Award such other relief as this Court deems just and proper and any other relief afforded under the ADA, the PDCRA and the FMLA.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

**MORGAN & MORGAN, P.A.**

By: /s/ *Warren D. Astbury*
    **WARREN ASTBURY**
    Michigan Bar No.: P82416
    Illinois Bar No.: 6298999
    Florida Bar No.: 78056
    California Bar No.: 311962
    2000 Town Center, Suite 1900
    Southfield, MI 48075
    (313) 251-1399
    wastbury@forthepeople.com

***Attorney for Plaintiff***

Dated: April 15, 2020